UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-21223-BLOOM/Louis

WISLINE DORLEANT,

    Plaintiff,

vs.

ADVANTAGE ACADEMY OF MIAMI, INC.
DBA, PALM GLADES PREPARATORY ACADEMY

    Defendant.
_____/

## AMENDED COMPLAINT

COMES NOW, Plaintiff, WISLINE DORLEANT ("Plaintiff") by and through the undersigned counsel, and hereby sues Defendant, ADVANTAGE ACADEMY OF MIAMI, INC. DBA, PALM GLADES PREPARATORY ACADEMY ("Defendant"), and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. The claims asserted in this Complaint arose in Miami Dade County, Florida during the course of Plaintiff's employment with Defendant.

3. Venue is proper in this Court since Plaintiff was employed by Defendant in Miami-Dade, Florida.

### PARTIES

4. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

5. Plaintiff is an African American female of Haitian National Origin and is a member of a class protected under the Title VII of the Civil Rights Act of 1964 because the terms, conditions, and privileges of her employment were altered because of her race and national origin.

6. Further, Plaintiff was retaliated against for her complaints of discriminatory conduct on behalf of Defendant which places her within a class protected under Title VII and the FCRA.

7. Defendant is a Florida Not for Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

10. On November 20, 2018 Plaintiff timely filed a Charge of Discrimination alleging discrimination on the basis of race and national origin with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Florida Commission on Human Relations.

11. On November 19, 2019, the EEOC issued their letter of Dismissal and Notice of Rights to Plaintiff. Attached hereto as Exhibit "A".

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

13. All conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

14. Plaintiff is Black female of Haitian National Origin protected by Title VII and the FCRA.

15. Plaintiff commenced employment with Defendant on or about August 14, 2017, as a Science teacher.

16. Because of Plaintiff's extensive experience she was qualified for the position for which she was hired.

17. During the 2017-2018 school year, Mrs. Archanlena Coats (hereinafter "Coats") was the principal at the school. Plaintiff worked as a Science Teacher for approximately fourteen months.

18. In or around November 2017, Plaintiff reported to the Dean of Instruction, Ms. Darlene Escudero ("Ms. Escudero") that a white male student from Plaintiff's class called her a "Black Monkey."

19. Ms. Escudero disregarded Plaintiff's complaint and responded by shrugging her shoulders at the student's remark and proceeded to laugh at the incident and told Plaintiff to go back to her class to teach.

20. Plaintiff went back to her classroom to resume her class. However, the white male student continued to be disruptive. A security guard walked by and reported what he saw without Plaintiff requesting his assistance.

21. Ms. Escudero then pulled Plaintiff outside the classroom to scold her for informing the security guard of the incident and said, "Why did you call the security guard? I thought I told you to go back to the classroom to teach!"

22. Due to Escudero's unwillingness to address Plaintiff's concerns, Plaintiff requested to meet with Principal Coats.

23. At the meeting, Plaintiff discussed the matter of the racial comment by the student and Ms. Escudero's unwillingness to address the issue.

24. Ms. Escudero stated she was not aware that was a racial slur and apologized to Plaintiff.

25. Throughout the rest of the year, Plaintiff experienced more mistreatment at the hands of Ms. Escudero.

26. Specifically, Ms. Escudero spoke in a condescending and demeaning manner to Plaintiff on a regular basis. Ms. Escudero did not speak in this manner to non-black employees.

27. On or around April 2, 2018, Ms. Coats provided Plaintiff with an Intent to Return letter, which Plaintiff gladly signed.

28. In or around June 2018, Ms. Coats provided Plaintiff with an employment contract for the following year.

29. During the Summer of 2018, Ms. Coats was replaced by Dr. Laura Ferreira Vesga ("Dr. Vesga"), as the new Principal of Palm Glades Preparatory Academy, and Ms. Escudero became the Vice Principal.

30. Plaintiff was subjected to derogatory comments, harassment, and negative treatment by both Ms. Escudero and Dr. Vesga.

31. Specifically, Dr. Vesga often spoke in a condescending and demeaning manner to Plaintiff in meetings and she would often publicly reprimand her in front of other co-workers.

32. Furthermore, Escudero would alienate Plaintiff at open houses, make fun of Plaintiff's accent, and give her additional workload.

33. Into the second month of the school year, Plaintiff noticed that more students were added to her class' roaster.

34. Specifically, Plaintiff taught two different classes, sixth and seventh grade. Plaintiff noticed that the roaster for each class had at least twenty-seven (27) students.

35. Fla. Stat. §1003.03(1)(b) specifically states that the maximum number of students assigned to each teacher who is teaching core-curricula courses may not exceed twenty-two (22) students.

36. Plaintiff also noticed that students with special needs were being added to her classroom.

37. Plaintiff complained to her direct supervisor and Science Coach, Ms. Estevez, about the additional students in her classroom.

38. Specifically, Plaintiff complained that the additional students exceeded the amount allowed per class and put her over the student-teacher ratio required by the Department of Education. Ms. Estevez, asked Plaintiff for an updated roaster of her classes as she was not aware more students were assigned to her class.

39. Plaintiff also complained to Ms. Escudero regarding the student with special needs that were assigned to her classroom.

40. Specifically, Plaintiff advised Ms. Escudero that she was not qualified to have special needs students in her classroom as required by the State Department of Education.

41. Ms. Escudero disregarded Plaintiff's complaints and told her she needed to "deal with it". Plaintiff was not offered any assistance or guidance on how to handle the added work.

42. On or around October 25, 2018, Dr. Vesga emailed Plaintiff requesting that she come to her office.

43. During this meeting, Ms. Escudero was present. Dr. Vesga proceeded to tell Plaintiff, "You don't fit here, and you should go teach where people look more like you." She then verbally gave her a short list of schools that Plaintiff could apply to such as Miami Carol City Senior

5

High (80% of student body is Black) and Cutler Bay Middle School (40% of student body is Black).

44. Plaintiff was thereafter, terminated. When the Plaintiff asked for a legitimate and valid reason for her termination, she was told that she just didn't "fit in."

45. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

46. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, national origin, and/or complaints of discrimination and violations of law were motivating factor(s) in the decision for the adverse employment action(s).

47. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion with hardly any disciplinary issues.

48. As a result of Respondent's actions plaintiff has become extremely depressed, resulting in anxiety, mental anguish, loss of sleep, and has suffered from a loss of wages.

49. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

## COUNT I
### *National Origin Discrimination in Violation of Title VII*

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this complaint as if set out in full herein.

51. Plaintiff is a member of a protected class under Title VII.

52. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin, Haiti, and subjected Plaintiff to animosity and discrimination based on her national origin.

6

53. Such discrimination was based on Plaintiff's national origin in that Plaintiff would not have been the subject of discrimination but for the fact that Plaintiff is Haitian.

54. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

55. At all times material hereto, the employees exhibited discriminatory conducts towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

56. As a result of Defendant's action, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

57. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal and state law.

58. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal and state law, to punish Defendant for its actions and to deter it, and others, from such action in the future.

59. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Haitian employees were allowed better work opportunities by not being subjected to unfair treatment.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII of the Civil rights Act of 1964, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Racial Discrimination in Violation of VII*

61. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-49 of this complaint as if set out in full herein.

62. Plaintiff is a member of a protected class under Title VII.

63. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race (Black), and subjected Plaintiff to animosity and discrimination based on her race.

64. Such discrimination was based on Plaintiff's race in that Plaintiff would not have been the subject of discrimination but for the fact that Plaintiff is Black.

65. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

66. At all times material hereto, the employees exhibited discriminatory conducts towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

67. As a result of Defendant's action, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

68. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal and state law.

69. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal and state law, to punish Defendant for its actions and to deter it, and others, from such action in the future.

70. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated Title VII of the Civil rights Act of 1964, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Violation of The Florida Civil Rights Act*
*(Discrimination Based on National Origin)*

71. Plaintiff re-avers and re-states paragraphs 1–49 above, as though the same were fully re-written herein, and says:

72. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her national origin.

73. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her national origin.

74. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on her national origin.

75. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's national origin was, at minimum, a motivating factor in its decision for the disparate treatment of Plaintiff, including but not limited to Plaintiff's termination.

76. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

77. Specifically, Ms. Escudero and Dr. Vesga, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

78. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

79. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

80. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon and Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

    WHEREFORE, Plaintiff respectfully requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

   B. The Court award punitive damages as permitted under the law;

   C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full

benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## Violation of The Florida Civil Rights Act
## (Discrimination Based on Race)

81. Plaintiff re-avers and re-states paragraphs 1–49 above, as though the same were fully re-written herein, and says:

82. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her race.

83. Plaintiff is a member of a protected class because the terms and conditions of her employment were altered due to her race.

84. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on her race.

85. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision for the disparate treatment of Plaintiff, including but not limited to Plaintiff's termination.

86. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

87. Specifically, Ms. Escudero and Dr. Vesga, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

88. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

90. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Aragon and Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

    WHEREFORE, Plaintiff respectfully requests that:

  A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

  B. The Court award punitive damages as permitted under the law;

  C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## Violation of The Florida Civil Rights Act
## (Retaliation)

91. Plaintiff re-alleges and re-avers paragraphs 1-49 as though full set forth herein.

92. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

93. Plaintiff made several complaints of disparate treatment to Ms. Escudero and Dr. Vesga.

94. Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA.

95. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

96. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

97. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

98. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of

Aragon, Gonzalez and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

99. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

100. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

101. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff WISLINE DORLEARNT demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 16, 2020

                                                   **PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 16, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/S/Nathaly Saavedra
Nathaly Saavedra, Esq.
Florida Bar No.: 118315

## SERVICE LIST

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.    (786) 650-0202
Fax.    (786) 650-0200
Email: office@peregonza.com
Email: nathaly@peregonza.com

*Counsel for Plaintiff*


**HOLLY GRIFFIN GOODMAN**
Florida Bar No. 93213
**GUNSTER YOAKLEY & STEWART, P.A.**
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401-6194
Phone: 561-655-1980
Facsimile: 561-655-5677
Primary: hgoodman@gunster.com
Secondary: cstgeorge@gunster.com
Secondary: eservice@gunster.com
Attorney for Defendant

**RILEY F. KENNEDY**
Florida Bar No. 124149
**GUNSTER YOAKLEY & STEWART, P.A.**
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401-6194
Phone: 561-655-1980
Facsimile: 561-655-5677
Attorneys for Defendant
Email: rkennedy@gunster.com
Secondary: mjadotte@gunster.com
Secondary: eservice@gunster.com
Attorney for Defendant

Served via transmission of Notices of
Electronic Filing generated by CM/ECF