UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-21223-BB

WISLINE DORLEANT,

    Plaintiff,

vs.

ADVANTAGE ACADEMY OF MIAMI, INC.,
DBA, PALM GLADES PREPARATORY ACADEMY,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND MOTION TO STRIKE IRRELEVANT FACTUAL ALLEGATIONS

Defendant, Advantage Academy of Miami, Inc. d/b/a Palm Glades Preparatory Academy ("PGPA"), files this Motion to Dismiss Plaintiff, Wisline Dorleant ("Plaintiff")'s, Amended Complaint and Motion to Strike Irrelevant Factual Allegations [DE 20] and states the following in support:[1]

## SUMMARY OF ARGUMENT

Plaintiff has knowingly asserted a legally-barred claim in Count V of her Amended Complaint. First and foremost, Plaintiff's claim is barred due to Plaintiff's failure to exhaust her administrative remedies. The lack of specificity and detail in Plaintiff's Charge of Discrimination

---

[1] PGPA's understanding is that Rule 12(a)(4) of the Federal Rules of Civil Procedure automatically extends the time a party has to answer a complaint until after the court has ruled on a pending motion to dismiss, even where the motion to dismiss is only directed at a portion, but not all, of the claims set forth in the complaint. See Ferk v. Mitchell, No. 14-cv-21916, 2014 WL 7369649, at *1 n.1 (S.D. Fla. Dec. 29, 2014) (noting that defendant elected to wait until the court ruled on the partial motion to dismiss before responding to count V); Pushko v. Klebener, No. 3:05-CV-211-J-25HTS, 2005 WL 7460162, at *1 (M.D. Fla. June 10, 2005) (holding that based on "the clear weight of authority, it is concluded the filing of a motion to dismiss a portion of a complaint postpones equally the time for answering every part of the pleading."); Beaulieu v. Bd. Of Trustees of Univ. of West Florida, Case No. 3:07–cv–30, 2007 WL 2020161, *2 (N.D. Fla. July 9, 2007) (collecting cases examining Rule 12(a)(4) and Rule 12(b)(6) and concluding that "a party need not file an answer while a partial motion to dismiss is pending," and "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss."). In the event that this Court requires an answer to portions of a complaint that are not the subject of a pending motion to dismiss, PGPA respectfully requests a seven (7) day extension of time to file its answer.

further precludes her, as a matter of law, from bringing this claim for retaliation under the Florida Civil Rights Act ("FCRA"). Further, Plaintiff has failed to state a claim for retaliation under the FCRA. For each of these reasons, PGPA requests that this Court dismiss Count V of Plaintiff's Amended Complaint. Lastly, Plaintiff's Amended Complaint also includes newly added, irrelevant, immaterial and impertinent allegations which should be stricken according to Rule 12(f).

## **BACKGROUND**

1. On October 25, 2018, PGPA terminated Plaintiff's employment for a number of reasons. On November 20, 2018, Plaintiff dual-filed her Charge of Discrimination with the EEOC and FCRA. [DE 20] at ¶ 10. A copy of Plaintiff's Charge of Discrimination ("EEOC Charge") is attached as **Exhibit "A."**[2]

2. Plaintiff's EEOC Charge does not provide any details or specifics that relate to any occurrence of retaliation. As one example, Plaintiff failed to provide even a single reference to any occurrence of retaliation in the EEOC Charge's narrative section. Plaintiff does not even allege that she engaged in protected activity or made a complaint of discrimination. Instead, Plaintiff alleged only that she (1) was a female African American of Haitian National Origin who was employed by PGPA as an educator; (2) was terminated on October 25, 2018; and (3) believes the termination was in violation of federal anti-discrimination statutes. **Ex.** A.

3. On November 19, 2019, the EEOC issued its Dismissal and Notice of Rights, which noted that it was unable to conclude that the information it had obtained established any violation of the federal anti-discrimination statutes. [DE 20-1].

4. Plaintiff filed her original Complaint on February 5, 2020, and asserted two

---

[2] A court may consider an EEOC charge that is attached to a motion to dismiss where, *inter alia*, the complaint refers to the EEOC action. Booth v. City of Roswell, 754 F. App'x 834, 837 (11th Cir. 2018).

claims against PGPA: (1) national origin based discrimination in violation of Title VII (Count I); and (2) race based discrimination in violation of Title VII (Count II). [DE 4-1]. Plaintiff attached the EEOC Charge to the original Complaint. [DE 4-1] at p. 5, ¶ 7 (recounting filing with EEOC and indicating attachment to Complaint); and [DE 4-1] at p. 15 (attachment).

5.  In the Amended Complaint, Plaintiff added three additional claims: (1) national origin based discrimination in violation of the FCRA (Count III); (2) race based discrimination in violation of the FCRA (Count IV); and (3) retaliation in violation of the FCRA (Count IV). [DE 20]. Curiously, Plaintiff removed her EEOC Charge as an attachment. [DE 20] at ¶ 10.

6.  The factual allegations contained within Plaintiff's Amended Complaint culminate in Plaintiff's termination which, according to Plaintiff, occurred on October 25, 2018. [DE 20] at ¶¶ 42-44. Thus, the "conduct" that Plaintiff alleges amounted to PGPA's retaliation against Plaintiff can only refer to Plaintiff's termination.[3] [DE 20] at ¶ 95.

7.  Similar to her EEOC Charge, Count V of Plaintiff's Amended Complaint lacks a single factual allegation regarding retaliation, other than formulaic and conclusory recitations of the cause of action's elements. But such bare bones pleadings do not meet the plausibility standard established by Iqbal and Twombly and, as a result, Plaintiff has failed to state a claim.

8.  Here, dismissal of Count V is appropriate for two main reasons: (1) it cannot be supported on the basis of a dispositive issue of law (failure to exhaust, discussed in § II), and (2) it fails to state a plausible claim for relief (non-compliance with Rule 9(a)(2), discussed in § III).

9.  Plaintiff's Amended Complaint also added new allegations which are wholly irrelevant, immaterial, and impertinent to the claims pled. Specifically, Plaintiff alleges that she

---

[3] While Plaintiff's allegations do not identify any other potentially retaliatory acts, even if Plaintiff were somehow referring to an action other than her termination, any such action would have occurred prior to October 25, 2018, as Plaintiff's Amended Complaint at no point refers to any event taking place after October 25, 2018 other than the filing of the EEOC Charge. [DE 20] at ¶¶ 14-49.

3

(1) complained that the number of students in her class exceeded Florida's permissible limits and (2) complained that a student with special needs was assigned to her class. [DE 20] at ¶¶ 33-41. Because these allegations are wholly irrelevant to the claims plead and are intended for no apparent purpose other than to harass and prejudice PGPA, the allegations should be stricken.

## ARGUMENT

I. **Standard for Dismissal.**

Dismissal is appropriate when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Allen v. USAA Cas. Ins. Co., 790 F.3d 1274, 1278 (11th Cir. 2015). In deciding a motion to dismiss, a court may examine the complaint and any documents referenced therein, including EEOC charges. See Booth, 754 F. App'x at 837 (holding that lower court did not err in considering EEOC charge defendant attached to motion to dismiss without converting it to a summary judgment motion where the complaint refers to the EEOC charge, exhaustion is central to the viability of the plaintiff's claim, and the authenticity of the charge is not in dispute). Here, Plaintiff referenced the EEOC Charge at paragraph ten of her Amended Complaint. [DE 20]. The EEOC Charge was also attached to her original Complaint and may be found at [DE 4-1] on page 15. Dismissal is also appropriate where a plaintiff fails to state a claim for relief by failing to meet the pleading requirements set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure. See Adderley v. Roland, No. 19-CV-60622, 2019 WL 1126363, at *2 (S.D. Fla. Mar. 12, 2019) (dismissing complaint for failing to meet pleading requirements under Rule 8(a)(2)).

II. **Plaintiff Failed To Exhaust Her Administrative Remedies.**

To maintain an FCRA (or Title VII) retaliation claim, a plaintiff must exhaust her administrative remedies by filing a timely and sufficiently specific charge with an appropriate

agency. See Fla. Stat. § 760.11; 29 C.F.R. § 1601.12(a)(3). The FCRA is specifically designed to provide the FCHR the opportunity to conduct a proper investigation, based on the facts alleged in the charge, and to attempt conciliation without resort to the courts, depending on the FCHR's determination.[4] Sheridan v. State, Dep't of Health, 182 So. 3d 787, 793–94 (Fla. Dist. Ct. App. 2016). Failing to file a relevant charge, or filing charges that omit or lack the required specificity as to an allegation, directly undermines the purpose behind the statutory exhaustion requirement. Moreover, as was the case here, the Plaintiff wholly deprived PGPA of the due process the FCRA affords employers before being hauled into court. Accordingly, the failure to file a proper charge prevents Plaintiff from proceeding with her lawsuit as a matter of law.

In this case, Plaintiff filed *a* charge with the EEOC, but it did not relate to or reference retaliation in any way, nor did it provide any factual allegations to support a claim of retaliation. **Ex. A**. This Court should dismiss Count V of Plaintiff's Amended Complaint for failing to exhaust her administrative remedies with respect to a retaliation claim, as her EEOC Charge lacks the required specificity to maintain a retaliation claim, and such a claim cannot be expected to grow from the subject matter contained within the Charge.

### A. The Charge lacks any specificity or detail with respect to retaliation.

Both the FCHR and EEOC regulations provide that charges must contain, among other things, a "plain statement of the facts" including the facts "constituting the alleged unlawful employment practices." See §760.11(1) Fla. Stat.; see also Jerome v. Marriott Residence Inn Barcelo, 211 Fed. App'x. 844, 846 (11th Cir. 2006) (quoting 29 C.F.R. § 1601.12(a)(3)).[5]

---

[4] One unique way the FCRA differs from Title VII is that under the FCRA, a "no cause" finding by the FCHR ***precludes*** a plaintiff from proceeding with the case. Woodham v. Blue Cross & Blue Shield of Florida, Inc., 829 So. 2d 891, 895 (Fla. 2002) (emphasis added).
[5] Because the FCRA is patterned after Federal anti-discrimination statutes, Federal case law regarding those statutes is applicable to FCRA claims. See Natson v. Eckerd Corp., Inc., 885 So. 2d 945, 947 (Fla. Dist. Ct. App. 2004) ("The [FCRA] is patterned after Title VII, and therefore federal case law regarding Title VII is applicable.").

Accordingly, courts, including those in Florida, have held that "a claimant's lack of specificity in an EEOC Charge precludes the claimant from later seeking judicial relief." Lieberman v. Miami-Dade Cty., No. 99-1714-CIV-KING, 2000 WL 1717649, at *4 (S.D. Fla. Aug. 16, 2000).

In Lieberman, the court dismissed plaintiff's claim for harassment because her EEOC charge only vaguely and briefly mentioned that she was harassed. Id. at *3. The EEOC charge stated "[i]n regard to the discrimination . . . the Department Head and his subordinate staff created a hostile work environment for me through constant and invidious harassment." Id. The court held that because plaintiff's EEOC charge made no other references to harassment, offered no details as to instances of harassment, and did not allege which dates the harassment occurred, the charge "lack[ed] the required specificity to maintain a harassment claim." Id. at *4.

Similarly, in Gonzalez v. Fla. Dept. of Highway Safety & Motor Vehicles Div. of Fla. Highway Patrol, 237 F. Supp. 2d 1338, 1369 (S.D. Fla. 2002), the EEOC charges stated the following: "As a [F.H.P. LEO] I have been discriminated against by my employer and their representatives in violation of the [Title VII] . . because of F.H.P.'s disparate treatment of Hispanic officers." Id. Finding that the EEOC charge failed to mention "any specific instance of discrimination," the court held "the Plaintiffs' EEOC charge lacks the necessary specificity and detail to successfully maintain this suit." Id. (emphasis added). See also Rush v. McDonald's Corp., 966 F.2d 1104, 1111 (7th Cir. 1992) ("Some detail, beyond a statement that 'I believe I have been discriminated against because of my race' is necessary to allow the agency to perform its statutory duty.").

Like the plaintiffs in Lieberman and Gonzalez, Plaintiff's EEOC charge lacks the specificity or detail regarding any alleged retaliation to successfully maintain this action. **Ex. A**. In fact, the charge in Lieberman actually went further than the instant charge because the

6

Lieberman charge actually referred to the type of claim in question, harassment, albeit only once. 2000 WL 1717649 at *3-4. Plaintiff's EEOC Charge, on the other hand, fails to refer to retaliation even once and fails to refer to any event that may be considered to be related to engaging in a protected activity, even under the most liberal of definitions.[6]

Rather than provide a single specific allegation or detail of alleged retaliation in her EEOC Charge or an allegation that could frame her termination as having a retaliatory motive, Plaintiff instead asserted vague and general allegations that only relate to her conclusion that she was terminated "because of Race (African American[)] and National Origin (Haitian)." **Ex. A**. Like the plaintiff in Gonzalez, Plaintiff's EEOC Charge lacked any specific instance of the relevant allegation (in Plaintiff's case, retaliation). Indeed, Plaintiff's EEOC Charge merely notes that Plaintiff was an employee of PGPA, references alleged commentary from the Principal, and offers Plaintiff's subjective belief that the alleged discrimination violated anti-discrimination statutes. See **Ex. A**. But at no point does the EEOC Charge even raise the possibility that Plaintiff's termination was related to anything other than discrimination based on Race and National Origin. Moreover, at no point does the EEOC Charge refer to even a single instance of Plaintiff complaining to PGPA or engaging in any activity that might have incentivized PGPA to terminate her. Plaintiff's charge is clear: she believes she was fired ***because of*** her race and national origin. **Ex. A**. Because Plaintiff's EEOC Charge fails to offer any details as to a single instance of retaliation or any activity that could serve as protected activity as a precondition thereto, her EEOC Charge is insufficient to maintain a retaliation claim in this action.

Although courts liberally construe EEOC charges and are reluctant to bar claims because of procedural technicalities, courts have consistently held that the failure to provide at least some

---

[6] A Plaintiff's engagement in a protected activity is a core element to a retaliation claim. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 258 (4th Cir. 1998).

specificity in an EEOC charge, like Plaintiff has here, is "not a 'mere technicality'." As the court in Butts v. City of New York Dep't of Hous. Pres. & Dev., explained, "[w]ere we to permit such vague, general allegations, quite incapable of inviting a meaningful EEOC response, . . . such allegations would become routine boilerplate and Title VII's investigatory and mediation goals would be defeated." 990 F.2d 1397, 1403 (2d Cir. 1993), superseded by statute on other grounds, Civil Rights Act of 1991, Pub.L. No. 102–166). See also Sheridan v. State, Dep't of Health, 182 So. 3d at 793–94 (setting forth legislative purpose behind FCRA's pre-filing charge requirement). Here, Plaintiff's lack of specificity as to retaliation is not merely a technicality, but rather it serves to frustrate the purpose behind the FCRA and EEOC's pre-filing requirements. Moreover, it fails to warn PGPA of retaliation allegations. See Lieberman, 2000 WL 1717649, at *4 (dismissing plaintiff's harassment claim because she "did not make specific allegations of harassment that would have warned the [employer] of the harassment and given the EEOC an opportunity to provide administrative relief."). Ultimately, the lack of specificity undermines PGPA's right to due process, fails to satisfy the administrative prerequisites to suit and, thus, is a deficiency warranting dismissal.

### B. Plaintiff's claim for retaliation cannot reasonably be expected to grow from her Charge.

As noted above, in addition to the requirement that charges contain specificity as the allegations they are purported to have made, a judicial action alleging a particular violation of the FCRA (or Title VII) may not be brought unless the alleged violation has been made the subject of a timely-filed charge of discrimination. Reed v. Winn Dixie, Inc., 677 F. App'x 607, 609-10 (11th Cir. 2017) (referring to the "exhaustion requirement"). See also Pritchard v. Shands Jacksonville Med. Ctr., Inc., No. 3:04-CV-1229-J-32HTS, 2005 WL 2077310, at *2 (M.D. Fla. Aug. 26, 2005) (construing FCRA exhaustion requirements in conformity with Title VII's in

analyzing FCRA retaliation claim). Under the exhaustion requirement, a plaintiff's claims are limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the EEOC charge. Giles v. BellSouth Telecommunications, Inc., 542 F. App'x 756, 758-59 (11th Cir. 2013) (holding plaintiffs are barred from raising new acts of discrimination in their complaints). Indeed, a plaintiff's judicial claims will only be permitted if they are "like or related to" the allegations in the EEOC charge. Id. at 759.

Many courts have held that retaliation claims are often not "like or related to" discrimination claims. For example, in Buzzi v. Gomez, 62 F. Supp. 2d 1344, 1353 (S.D. Fla. 1999), the court held that a plaintiff had not exhausted her administrative remedies with respect to a judicial claim for retaliation where the judicial claim alleged that a transfer was a retaliatory act but the underlying EEOC charge alleged that the very same transfer was premised on national origin discrimination, and silent as to retaliation. The court held that "[t]hese divergent bases cannot be 'reasonably related,' and therefore, the retaliation claim was not expected to grow out of the EEOC's investigation of national origin discrimination." Id. See also Cabiness v. YKK (USA), Inc., 859 F.Supp. 582, 587 (M.D. Ga. 1994), aff'd, 98 F.3d 1354 (11th Cir.1996) (plaintiff's claim of retaliation failed where charge of discrimination referred only to discriminatory termination); Harrington v. Children's Psychiatric Ctr., Inc., No. 03-60213-CIVHUCK, 2003 WL 23356396, at *5 (S.D. Fla. Dec. 9, 2003) (holding retaliation claim raised for first time in Complaint was barred because it did not "grow[] out of an earlier charge" *but was instead an additional claim based on the same activity*, which Plaintiff had not included in the First Charge) (emphasis added).

Other courts have drawn distinctions between retaliation claims within a complaint that allegedly refer to acts that occurred prior to the filing of the relevant charge and those that

9

occurred afterwards. In these instances, the former must be raised in a charge while the latter may well grow from the charge itself. See, e.g., Houston v. Army Fleet Servs., L.L.C., 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007) (distinguishing between allegations that Title VII retaliation claim arose from events which occurred after the filing of the a charge and those where the allegation is that the claim arose prior to the filing of a charge, and noting that the latter would not have been considered "exhausted"); Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 544–45 & n. 2 (7th Cir.1988) (same). Such was the case in Buade v. Terra Grp., LLC, 259 So. 3d 219, 219-22 (Fla. Dist. Ct. App. 2018), where the court held that an employee failed to exhaust her administrative remedies for her retaliation claim under the FCRA, which related to alleged events that occurred prior to the plaintiff's filing of her charge. In Buade, the plaintiff's complaint alleged that she was retaliated against but the court barred this allegation after it determined that she failed to specifically include a factual narrative supporting a retaliation claim in the charge of discrimination she filed with the FCHR and EEOC. Id. Indeed, the court held that "[a]ll the charge claims is that Buade was subjected to sex discrimination but includes nothing about any retaliation, only denoting a date for Terra's last act of discrimination. Also, despite having adequate time and opportunity, Buade never amended the charge to include a claim for retaliation." Id. at 223. The Buade court acknowledged that "[r]etaliation is not 'an integral part of an underlying discrimination claim, and, therefore, would not have been encompassed in a reasonable investigation of plaintiff's charge…' " Id. (quoting Williamson v. Int'l Paper, 85 F.Supp. 2d 1184, 1197 (S.D. Ala. 2000).

  Here, Plaintiff raised allegations of retaliation for the first time in her Amended Complaint that are procedurally barred. [DE 20] ¶¶ 91-99. In Plaintiff's EEOC Charge, she could have, but did not, check the Retaliation Box under the section titled "DISCRIMINATION

BASED ON (Check Appropriate box(es).)".[7] See **Ex. A**. Plaintiff also did not include a single reference to retaliation in the narrative section of the EEOC Charge, nor did she refer to her engagement in any activity that might be linked to a retaliation claim. **Ex. A**. While her Amended Complaint alleges, in a conclusory fashion, that she made complaints of disparate treatment, her EEOC Charge never even approaches such an allegation, and does not refer to any complaints or opposition behavior at all. Compare [DE 20] at ¶¶ 93-94 with **Ex. A**. Of note, according to Count V, the retaliatory act which PGPA allegedly engaged in could not have occurred at any time after October 25, 2018, a date prior to the EEOC Charge's filing date of filed, November 20, 2018. See ¶ 7 of this Motion to Dismiss, *supra*. To permit a judicial claim for retaliation when it allegedly occurred prior to the filing of the EEOC Charge but was not referenced in said EEOC Charge "would effectively exempt all retaliation claims from Title VII's requirements regarding the exhaustion of administrative remedies." McCray v. DPC Indus., Inc., 942 F. Supp. 288, 295 (E.D. Tex. 1996).

      Therefore, not only was the EEOC Charge devoid of any reference to a retaliation claim or any preliminary events thereto, a retaliation claim can also not reasonably be expected to grow out of the EEOC Charge. See Smith v. Panera Bread, 08-60697-CIV, 2009 WL 10667191, at *4-*5 (S.D. Fla. Aug. 11, 2009) (dismissing plaintiff's retaliation claim and holding the retaliation claim could not have reasonably been expected to grow out of the EEOC charge, where plaintiff "did not check the retaliation box" or make any reference to allegations of retaliation).

---

[7] While PGPA recognizes that failing to check the retaliation box may not be the sole basis for determining whether a claim grows out of a charge, it certainly can be relevant to a court's analysis. See, e.g., Miller v. Southwestern Bell Tel. Co., 51 Fed. Appx. 928, 2002 WL 31415083 at *6–*8 (5th Cir. 2002) (precluding plaintiff's retaliation claims because he failed to check the correct box on the EEOC charge form and failed to otherwise describe the nature of his retaliation claim in the narrative section of his charge, and thereby failed exhaust his administrative remedies); Panera Bread, 2009 WL 10667191, at *4.

Accordingly, this Court should dismiss Plaintiff's retaliation claim for failing to exhaust the administrative remedies.

**III.     Plaintiff has not met the Plausibility Threshold Established in Twombly and Iqbal with Respect to her Claim for Retaliation under the FCRA.**

Count V of the Amended Complaint fails to set forth facts that are sufficient to state a plausible claim for relief under the applicable rules for assessing the sufficiency of a complaint.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that Plaintiff state a "plausible claim for relief" in order to survive dismissal. To do so requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). It is not enough to "plead[ ] facts that are 'merely consistent with' a defendant's liability;" the facts alleged must "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 557; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that "tender[ing] naked assertion[s] devoid of further factual enhancement" will not suffice).

Count V of Plaintiff's Amended Complaint includes the following factual allegations: in ¶ 93: "Plaintiff made several complaints of disparate treatment to Ms. Escudero and Dr. Vesga"; and in ¶ 94: "Plaintiff's complaints of disparate treatment as stated above, were protected activity under the FCRA." These "factual allegations" are clear examples of "formulaic recitation[s] of the elements of a [] cause of action." After all, one of three required elements of a retaliation claim is that a plaintiff "engaged in statutorily protected activity." Vill. of Tequesta v. Luscavich, 240 So. 3d 733, 738 (Fla. Dist. Ct. App. 2018).[8] These two paragraphs, then, are meant to establish this element, with the "complaints of disparate treatment" being the required

---

[8] The additional elements are that he or she suffered an adverse employment action and there is a causal relation between the two events. Id.

engagement in a protected activity. But these threadbare recitals are devoid of any factual enhancement. Indeed, while Plaintiff alleges that she complained of "disparate treatment" in paragraph 93, at no point does she ever allege when these complaints occurred or how they were made. She also fails to allege when the underlying disparate treatment occurred,[9] who was its source, or what event or circumstance created it. There are simply no supportive details that allow PGPA to understand what Plaintiff is referring to without needing to speculate.[10] Paragraph 94 offers no support, as it simply concludes that the unidentified complaints "were protected activities." Conclusory allegations, of course, are not entitled to a presumption of truth. McCullough, 623 F. App'x at 982 ("conclusory statements in support of a threadbare recital will not suffice").

Looking beyond the allegations in Count V, the section of the Amended Complaint titled "factual allegations" is also devoid of allegations that establish a reasonable inference that Plaintiff is entitled to relief. [DE 20] at pp.3-6. While Plaintiff raises factual allegations related to her being treated differently than "non-black employees" (presumably the basis for her discrimination claims), the only allegations related to Plaintiff engaging in protected activity relates to complaints about the number of students in her class and complaints about having to teach special needs students. [DE 20] at ¶¶ 37-41. But at no point does Plaintiff allege that her complaints regarding class size and special needs students conveyed a belief that she had been subjected to disparate treatment. Id.

---

[9] The time between an alleged protected activity and subsequent adverse act is a consideration courts take when analyzing the causation element of a retaliation claim. McCullough v. Bd. of Regents of the Univ. Sys. of Georgia, 623 F. App'x 980, 981 (11th Cir. 2015).

[10] To state a plausible claim, a pleading must include factual allegations sufficient to raise a right to relief "above the speculative level." Twombly, 550 U.S. at 545. Moreover, a complaint needs to give the defendant sufficient notice to enable it to begin to investigate and prepare a defense. Tamayo v. Blagojevich, 526 F.3d 1074 (7th Cir. 2008).

The facts Plaintiff relies upon are even more vague than those set forth by the plaintiff in McCleary-Evans v. Maryland Dep't of Transp., 780 F.3d 582, 585-86 (4th Cir. 2015). There, the Fourth Circuit concluded that the plaintiff's allegations that her potential employer did not hire her because of a bias against African American women, did not meet the plausibility standard as they more closely resembled formulaic recitations of a discrimination claim's elements. Id.[11] The court held that "[w]hile the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is *consistent* with discrimination, it does not alone support a *reasonable inference* that the decisionmakers were motivated by bias" and therefore was too speculative. Id.

Here, Plaintiff is required to allege facts that are sufficient to satisfy Iqbal's plausibility requirement, but her conclusory and formulaic allegations leave gaps that can only be filled by speculation. Glover v. Donahoe, 626 F. App'x 926, 931 (11th Cir. 2015). Accordingly, even if Plaintiff's allegations could be said to allege outcomes that could *possibly* be consistent with retaliation, it is clear that they stop short of the line between possibility and plausibility of entitlement to relief. Id. As a result, Plaintiff has failed to state a claim.

Finally, paragraphs 80, 90, and 98 of the Amended Complaint refer to the conduct of two individuals that Plaintiff identifies as "Aragon" and "Gonzalez." [DE 20] at ¶¶ 80, 90, and 98. These individuals are not referenced in any other portion of Plaintiff's Amended Complaint and, as far as PGPA can tell, have no relation to PGPA whatsoever. [DE 20]. Plaintiff cannot establish a right to punitive damages based upon the unspecified conduct of unidentified individuals. These paragraphs are misplaced and are clearly not supported by sufficient factual

---

[11] For example, the McCleary plaintiff had alleged, *inter alia*, that "[d]uring the course of her interview, and based upon the history of hires within [the employer], ... both [hiring personnel 1] and [hiring personnel 2] predetermined to select for both positions a White male or female candidate." Id.

allegations (they are not supported by any factual allegations at all). Thus, they do not state plausible claims and must be dismissed.

IV.     **The Amended Complaint Contains Materials that Must be Stricken.**

The Federal Rules of Civil Procedure provide that "the court may order stricken from any pleading ... any redundant, immaterial, impertinent or scandalous matter."[12] Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." Blake v. Batmasian, 318 F.R.D. 698, 700 (S.D. Fla. 2017). "[A] motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Id. at 700–01.

Here, Plaintiff's Amended Complaint raises two claims for race based discrimination, two claims for national origin based discrimination, and one claim for retaliation related to alleged complaints based on disparate treatment. [DE 20]. Each claim arises under either Title VII or the FCRA. [DE 20]. Plaintiff has not brought any other claims. Yet, in paragraphs 33-41, Plaintiff has asserted factual allegations that are wholly irrelevant to her claims. Specifically, Plaintiff alleges that she (1) complained that the number of students in her class exceeded Florida's permissible limits and (2) complained that a student with special needs was assigned to her class. As to the former, Plaintiff vaguely refers to Fla. Stat § 1003.03(1)(b. [DE 20] at ¶35. As to the latter, Plaintiff alleges that she was not qualified to teach special needs students. It is unclear how these allegations relate to any one of Amended Complaint's five counts. What is

---

[12] An allegation is immaterial if it has no value in developing the issues of the case. Oaks v. City of Fairhope, Alabama, 515 F.Supp. 1004, 1032 (S.D. Ala. 1981) (citing 2A, Moore's Federal Practice P 12.21(1) at 2420 (2d ed. 1979)). An allegation is impertinent if it is irrelevant to the issues and which are not properly in issue between the parties Id.; 2 Moore's Federal Practice, pp. 2312–13. A matter is scandalous if it is both grossly disgraceful (or defamatory) and irrelevant to the action or defense. Blake v. Batmasian, 318 F.R.D. 698, 701 (S.D. Fla. 2017) (citing Black's Law Dictionary).

clear, however, is that Plaintiff does not allege that these complaints were in any way related to allegations of disparate treatment.

Because the factual allegations in paragraphs 33-41 do not relate to a single on the counts raised in the Amended Complaint, they are clearly irrelevant and impertinent materials. Thus, the paragraphs should be stricken in order to avoid unnecessary forays into immaterial matters that would only serve to harass or prejudice PGPA. For example, these allegations are scandalous because PGPA is an educational institution and thus, alleging that PGPA has violated standards set for educational institutions is a clear attempt to harm PGPA's reputation, which could prejudice PGPA in the event it faces a jury. The scandalous and prejudicial nature of these allegations is highlighted by the fact that they are unrelated to Plaintiff's claims. Blake, 318 F.R.D. at 701. Moreover, these allegations may also have been designed to force PGPA to focus its efforts and allocate resources towards analyzing irrelevant statutes and defending itself against irrelevant allegations. See, e.g., Olivas v. A Little Havana Check Cash, Inc., 324 F. App'x 839, 843 (11th Cir. 2009) (acknowledging that courts can strike pleadings when statements are made for a frivolous or harassing purpose). Because paragraphs 33-41 have no relation to the Title VII and FCRA claims raised by Plaintiff, PGPA requests that this Court strike them from Plaintiff's Amended Complaint so that PGPA is not forced to respond to wholly irrelevant materials designed to harass.

## **CONCLUSION**

Because Plaintiff failed to exhaust her administrative remedies with respect to her proposed retaliation claim and otherwise failed to state a claim for retaliation, PGPA respectfully requests that this Court dismiss Count V of the Amended Complaint and grant whatever

additional relief it deems just and appropriate. Additionally, PGPA requests that this court strike paragraphs 33-41 of Plaintiff's Amended Complaint.

Dated:  June 30, 2020

Respectfully submitted,

/s/ Riley F. Kennedy
HOLLY GRIFFIN GOODMAN
Florida Bar No. 93213
Primary:  hgoodman@gunster.com
Secondary:  cstgeorge@gunster.com
Secondary:  eservice@gunster.com
RILEY F. KENNEDY
Florida Bar No. 124149
Email:  rkennedy@gunster.com
Secondary:  mjadotte@gunster.com
Secondary:  eservice@gunster.com
GUNSTER YOAKLEY & STEWART, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401-6194
Phone: 561-655-1980
Fax:  (561) 655-5677

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June, 2020, the foregoing document is being served via electronical mail to all counsel of record identified on the service list below.

/s/ Riley F. Kennedy

**SERVICE LIST**
**CASE NO.: 1:20-cv-21223-BB**

Gadiel A. Espinoza, Esq.
Primary:  gadiel@peregonza.com
Nathaly Saavedra, Eq.
Primary:  nathaly@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
1414 NW 107th Ave. Ste. 302, Doral, FL  33172
Telephone:  786-650-0202

ACTIVE 12164812.1