UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-21223-BLOOM/Louis

WISLINE DORLEANT,

Plaintiff,

vs.

ADVANTAGE ACADEMY OF MIAMI, INC.
DBA, PALM GLADES PREPARATORY ACADEMY

Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMEMDED COMPLAINT AND
MOTION TO STRIKE IRRELEVANT FACTUAL ALLEGATIONS**

Plaintiff, WISLINE DORLEANT ("Plaintiff"), by and through the undersigned counsel, hereby opposes Defendant's Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike Irrelevant Factual Allegations (ECF No. 21) and alleges as follows:

**RELEVANT PROCEDURAL BACKGROUND**

1. On or about June 9, 2020, Plaintiff moved to amend her complaint (ECF No. 15).

2. In its Response in Opposition to Plaintiff's Motion to Amend her Complaint, Defendant alleged that Plaintiff's Retaliation claim was futile and that the same was barred due to her alleged failure to exhaust administrative remedies. (ECF No. 17).

3. After Plaintiff filed her Reply, the Court granted Plaintiff's Motion to Amend. (ECF No. 15).

4. At bar, Defendant moves to dismiss Plaintiff's retaliation claim (Count V of Plaintiff's Amended Complaint) bringing forth the same argument it brought in its Opposition to the Amendment and generally alleging Plaintiff has failed to state a claim for retaliation. (ECF No. 21).

1

5.      Defendant also seeks to strike allegations of the Amended Complaint pursuant to Rule 12(f).

6.      Defendant's contentions, nevertheless, ultimately fail to demonstrate that dismissal is appropriate here. Defendant's request to strike allegations of the Amended Complaint also fails under the import of well-settled legal precedent. To that end, and for the reasons set forth fully below, Defendant's Motion must be denied.

## MEMORANDUM OF LAW

### I. Relevant Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "only enough facts to state a claim to relief that is plausible on its face").

### II. Plaintiff's Retaliation Claim is not Procedurally Barred

Defendant contends that Plaintiff's retaliation claim is procedurally barred because Plaintiff allegedly failed to exhaust her administrative remedies. However, Plaintiff disagrees. Defendant attempts to evade liability on a technicality by misstating the standards, the facts, and the caselaw.

"[A] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (citations omitted). "Courts are nonetheless 'extremely reluctant to allow procedural technicalities to bar claims brought under [FCRA].'" *Id.* (quoting *Sanchez v Standard Brands, Inc.,* 431 F.2d 455, 460-61 (5th Cir. 1970)); *see also Sanchez*, 431 F.3d at 461 ("Consequently, courts confronted with procedural ambiguities in the statutory framework have, with virtual unanimity, resolved them in favor of the complaining party."). As such, it is well settled that "the scope of an EEOC complaint should not be strictly interpreted." *Gregory*, 355 F.3d at 1280 (internal quotation marks and citation omitted); *see also EEOC v. Riverview Animal Clinic, P.C.*, 761 F. Supp. 2d 1296, 1303 (N.D. Ala. 2010) ("The permissible scope of a complaint filed under Title VII is not defined by the scope of the charge filed with the EEOC, but by the scope of the EEOC investigation, as long as that investigation reasonably grew out of the discrimination charge.") (quotations marks and citations omitted). "We must ask, then, whether the claims pursued in the judicial proceeding are '*like or related to, or grew out of*, the allegations contained in [the employee's] EEOC charge.'" *Minix v. Jeld-Wen, Inc.*, 237 F. Appx. 578, 588 (quoting *Gregory*, 355 F.3d at 1280)) (emphasis added).

In light of this liberal construction, "courts have generously construed the term "relevant" and have afforded the [FCRA] access to virtually any material that *might cast light* on the allegations against the employer." *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 69, 104 S. Ct. 1621, 1631, 80 L. Ed. 2d 41 (1984)(emphasis added); *Cooper v. Cmty. Haven for Adults & Children With Disabilities*, No. 8:12-CV-1041-T-33EAJ, 2013 WL 24240, at *5 (M.D. Fla. Jan. 2, 2013)("new claims [in the complaint] — are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint . . . .") (citation omitted). "The 'relevance' of documents in

3

an administrative proceeding is a mixed question of law and fact . . . ." *EEOC v. Royal Caribbean Cruises, Ltd.*, 771 F.3d 757, 760 (11th Cir. 2014)(citation omitted). Accordingly, Courts often avoid determining whether an investigation reasonably grew out of the Charge until after the 12(b)(6) stage. It logically follows, that Defendant rests the bulk of its argument on cases where the issue was resolved on and/or analyzed in dispositive motions filed long after the pleading stage. *See Sheridan v. State, Dep't of Health*, 182 So. 3d 787, 793–94 (Fla. 1st DCA, 2016)(summary judgment); *Lieberman v. Miami-Dade Cty.*, No. 99-1714-CIV-KING, 2000 WL 1717649, at *4 (S.D. Fla. Aug. 16, 2000)(summary judgment); *Gonzalez v. Fla. Dept. of Highway Safety & Motor Vehicles Div. of Fla. Highway Patrol*, 237 F. Supp. 2d 1338, 1369 (S.D. Fla. 2002)(summary judgment); *Giles v. BellSouth Telecommunications, Inc.*, 542 F. App'x 756, 758-59 (11th Cir. 2013)(summary judgment); *Buzzi v. Gomez*, 62 F. Supp. 2d 1344, 1353 (S.D. Fla. 1999)(summary judgment); *Cabiness v. YKK (USA), Inc.*, 859 F. Supp. 582, 587 (M.D. Ga. 1994), aff'd, 98 F.3d 1354 (11th Cir.1996)(summary judgment); *Harrington v. Children's Psychiatric Ctr., Inc.*, No. 03-60213-CIVHUCK, 2003 WL 23356396, at *5 (S.D. Fla. Dec. 9, 2003)(summary judgment); *Houston v. Army Fleet Servs., L.L.C.*, 509 F. Supp. 2d 1033, 1043 (M.D. Ala. 2007)(summary judgment); *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544–45 & n. 2 (7th Cir.1988)(summary judgment);  *Buade v. Terra Grp., LLC*, 259 So. 3d 219, 219-22 (Fla. 3rd DCA, 2018)(summary judgment); *McCray v. DPC Indus., Inc.*, 942 F. Supp. 288, 295 (E.D. Tex. 1996)(summary judgment). As such, Defendant's lengthy analysis predicated largely on these cases is simply not applicable at this stage.

      The reasons for waiting until after the 12(b)(6) stage are myriad and, of course, depend on the facts of each case; however, when the parties submit evidence in support of how the agency interpreted a Plaintiff's charge, such as with documents from the agency's charge file, courts often

defer decision on the "like or related to, or grew out of" question (at least) until after discovery. *See Scott v. Shoe Show, Inc.*, 38 F. Supp. 3d 1343, 1356 (N.D. Ga. 2014) (holding at summary judgment, that "'the *actual investigation* triggered by the EEOC charge [is] the primary factor determining the permissible scope of a judicial complaint of employment discrimination'") (quoting *Smith v. Sentry Ins.*, 674. F. Supp. 1459, 1467 (N.D. Ga. 1987)) (emphasis added).

### A. *Plaintiff's Retaliation Claim Is Inextricably Intertwined with Her Claims of Discrimination.*

Defendant argues that Plaintiff's failure to specifically mention she engaged in protected activity or her failure to specifically use the word "retaliation" in her charge rendered her claim unactionable. (ECF No. 21 pgs. 6-7). However, that rigid evaluation goes against the proclaimed "liberal" application of the standard. Defendant's attempt to evade liability on these technicalities is precisely what Courts sought to prevent by allowing judicial claims not specifically stated in the charge if they "amplify, clarify, and more clearly focus" the allegations in the administrative charge of discrimination. *See Sanchez,* 431 F.2d at 465 (stating that "procedural technicalities are not to stand in the way of Title VII complainants") *Gonzalez v. Palms of S. Beach, Inc.*, No. 14-CIV-22232, 2014 WL 3908210, at *2 (S.D. Fla. Aug. 7, 2014)(holding that "the scope is not so strictly limited to exclude all claims not explicitly raised in the EEOC complaint; rather, the subsequent judicial complaint may encompass any discrimination *like or related to* the allegations found in the EEOC complaint.").

Like in *Gregory*, Plaintiff contends that an investigation of her discrimination claims by the Florida Commission on Human Relations would have reasonably uncovered her claim of retaliation. In that case, a black female doctor filed a charge against her employer alleging that she had been terminated for "no legitimate reason." *Id*. at 1279. The doctor gave examples of the ways in which white male doctors had been treated differently. *Id.* The doctor stated in the charge that

5

she believed she had been discriminated against on the bases of her race and sex because she had been an exemplary employee. *Id.* The doctor marked only the boxes for race and sex discrimination and did not mark the box for retaliation. *Id.* After receiving a right to sue, the doctor filed a lawsuit alleging that her termination was motivated by her race and was in retaliation for complaints about her supervisor's conduct. *Id.* The district court concluded that she had sufficiently exhausted her administrative remedies as to the retaliation claim, and the Eleventh Circuit affirmed, concluding that the doctor "stated facts from which a reasonable [agency] investigator could have concluded that what she had complained about is retaliation.... An [agency] investigation of her race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation." *Id.* at 1280.

Similarly, in this case had an investigation been conducted, Plaintiff would have provided facts that detailed her complaints of disparate treatment to Defendant prior to her termination, as she did with the EEOC's investigator. This evidence will be submitted as part of Plaintiff's evidence as part of discovery and in response to any future dispositive motion filed by Defendant.

Accordingly, Defendant's Motion should be denied, including because it is premature and/or not ripe for a final judgment given the procedural posture of the case (*i.e.* there is additional evidence that will be submitted to the Court to demonstrate the "actual investigation" by the agency included or should have included these issues not expressly set forth in her charge).

### III. Plaintiff has Sufficiently Stated a Claim for Retaliation under the FCRA

It is well settled that a plaintiff need not allege facts sufficient to make out a prima facie case in order to survive a motion to dismiss. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008). Indeed, Defendant conveniently disregards that the facts alleged need only be sufficient to support a reasonable inference that the employer engaged in discrimination

6

against the plaintiff. *See Henderson v. JP Morgan Chase Bank*, 436 F. App'x 935, 937 (11th Cir. 2011

### A. *Plaintiff Has Sufficiently Stated a Claim for Retaliation (Count V)*

Courts assess FCRA retaliation claims under the same framework as retaliation claims arising under Title VII. *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1389 (11th Cir.1998) ("[D]ecisions construing Title VII guide the analysis of claims under the Florida Civil Rights Act.") To establish a claim for FCRA retaliation, a plaintiff must show (1) that she engaged in statutorily protected activity; (2) that she suffered an adverse employment action; and (3) that there is a causal relationship between the protected activity and the adverse employment action. *Olmsted v. Taco Bell Corp.,* 141 F.3d 1457, 1460 (11th Cir. 1998); *Harper v. Blockbuster Entm't Corp.,* 139 F.3d 1385, 1388 (11th Cir. 1998).

Defendant contends that Plaintiff's retaliation claims fail because Plaintiff does not allege facts demonstrating her engagement in protected activity. (ECF No. 21, Pg. 13). Defendant further alleges that the allegations in the Amended Complaint are insufficient because they do not identify the substance of the purported complaints. However, Plaintiff disagrees.

Defendant's allegation that the substance of these complaints is critical and must be spelled out misses the mark. Protected expression that may give rise to an FCRA retaliation claim includes reporting or complaining about alleged discriminatory practices to superiors. *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998); *Meeks v. Computer Associates Intern*., 15 F.3d 1013, 1021 (11th Cir.1994). Here, Plaintiff's Amended Complaint notes that she complained internally about the alleged discriminatory practices to Ms. Escudero, Ms. Coats, and Dr. Vesga. (ECF No. 20, ¶¶ 18-45). Plaintiff also alleged that after each complaint she was subjected to disparate treatment such as derogatory comments, alienation, a heavier caseload, lack of assistance

and ultimately termination. *Id*. These factual allegations were incorporated in Count V. Id. at ¶ 91. The Amended Complaint therefore sufficiently pleads the first element of an FCRA retaliation claim. Construing the complaint and drawing all reasonable inferences in Plaintiff's favor the court must conclude that Plaintiff engaged in protected activity and was subjected to retaliatory treatment. Therefore, Defendant's request that Count V of the Amended Complaint be dismissed must be denied.

Defendant seeks to strike Plaintiff's request for punitive damages alleging that these cannot be established because of a scrivener's error on paragraphs 80, 90, and 98. (ECF No. 21, Pg. 14). Plaintiff apologizes for the oversight including the incorrect names. Nevertheless, Plaintiff maintains that the Amended Complaint adequately places Defendant on notice as to what claims are raised against it. Plaintiff has alleged facts that, taken as true, would support her claims. Therefore, Plaintiff will concede that the names of "Aragon" and "Gonzalez" should be stricken but does not agree that this error renders her request for punitive damages invalid. In the alternative Plaintiff requests an opportunity to correct an obvious scrivener's error.

### IV. Paragraphs 33-41 are Factual Allegations Related to Plaintiff's Claims

Defendant moves to strike Paragraphs 33-41 of Plaintiff's Amended Complaint alleging that the factual allegations are irrelevant to her claims. (ECF No. 21). Motions to strike on the grounds of insufficiency, immateriality, irrelevancy, and redundancy are not favored, often being considered "**time wasters**," and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Carlson Corp. / Southeast v. School Board of Seminole County, Florida,* 778 F.Supp. 518, 519 (M.D. Fla. 1991) (emphasis added); "A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *BB In Technology Co., Ltd. v.*

8

*JAF, LLC,* 242 F.R.D. 632, 641 (S.D.Fla.2007) (quotations omitted); *In re Southeast Banking Corp. Sec. & Loan Loss Reserves Litig.,* 147 F.Supp.2d 1348, 1355 (S.D.Fla.2001).

Plaintiff's factual allegations in paragraphs 33-41 are not irrelevant. These Paragraphs contain additional allegations of Defendant's inappropriate treatment of Plaintiff, and allegations of discriminatory practices, both of which are directly related to Plaintiff's claims of discrimination. Therefore, the Court should decline to strike these paragraphs from the Complaint. Therefore, Defendant's request that Paragraphs 33-41 of the Amended Complaint be stricken must be denied.

**V.     Dismissal with Prejudice is not Appropriate**

In the event the Court were inclined to find that Plaintiff's allegations are not sufficient to state a claim for Count V, Plaintiff requests that this Court grants her leave to file a Second Amended Complaint.

Plaintiff's request for leave to amend should be governed by Rule 15(a). Under Rule 15(a), leave to amend a pleading "should be liberally granted when necessary in the interest of justice." *Burger King Corp. v. Weaver*, 169 F. 3rd 1310, 1319 (11th Cir. 1999). "Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party to virtue of allowance of the amendment, futility of amendment, etc.—the leave sought, as the rules require, "be freely given." *Id*.

9

## VI. Conclusion

WHEREFORE, and based upon the reasons stated above, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss, or in the alternative, grant leave for Plaintiff to file a Second Amended Complaint.

Dated: July 14, 2020                                    Respectfully submitted,


**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/S/Nathaly Saavedra
Nathaly Saavedra, Esq.
Florida Bar No.: 118315

## SERVICE LIST

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
**PEREGONZA LAW GROUP, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.   (786) 650-0202
Fax.   (786) 650-0200
Email: office@peregonza.com
Email: nathaly@peregonza.com

*Counsel for Plaintiff*


**HOLLY GRIFFIN GOODMAN**
Florida Bar No. 93213
**GUNSTER YOAKLEY & STEWART, P.A.**
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401-6194
Phone: 561-655-1980
Facsimile: 561-655-5677
Primary: hgoodman@gunster.com
Secondary: cstgeorge@gunster.com
Secondary: eservice@gunster.com
Attorney for Defendant

**RILEY F. KENNEDY**
Florida Bar No. 124149
**GUNSTER YOAKLEY & STEWART, P.A.**
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401-6194
Phone: 561-655-1980
Facsimile: 561-655-5677
Attorneys for Defendant
Email: rkennedy@gunster.com
Secondary: mjadotte@gunster.com
Secondary: eservice@gunster.com
Attorney for Defendant

Served via transmission of Notices of
Electronic Filing generated by CM/ECF